NOT DESIGNATED FOR PUBLICATION

No. 123,652

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELIQUE R. SHAFFER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 29, 2022.
Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HURST, P.J., GARDNER, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Angelique R. Shaffer appeals from her sentence stemming from her
convictions for theft and identity theft. Specifically, she challenges the district court's
restitution order, which she claims is unworkable due to a change in her financial
circumstances. Although many courts might agree that the district court's restitution order
is burdensome given the circumstances, this court cannot say that the district court abused
its broad discretion and affirms the district court's judgment.

1

In November 2020, Shaffer pled guilty to one count of theft and one count of identity theft. The charges stemmed from Shaffer and a codefendant's alleged use of another person's identity to rent a truck from U-Haul on November 30, 2018, and their failure to return the vehicle at the agreed upon time.

As part of her plea agreement, Shaffer agreed to pay restitution of $7,344.09, jointly and severally with her codefendant, to U-Haul in monthly installments of $150. At the plea hearing, Shaffer's counsel explained to the district court that Shaffer was "agreeable" to making $150 monthly payments but that $100 "might be more in line." After accepting the factual basis for the plea and finding that Shaffer had knowingly and intelligently entered the agreement, the district court accepted her plea.

At sentencing, Shaffer's counsel informed the court that due to a change in circumstances, the $150 monthly payment plan was no longer workable, as Shaffer's work hours had recently been reduced and her paycheck was being garnished for child support. Due to her decreased income, her attorney requested that the court order $75 monthly payments. Shaffer explained that half of her paycheck was going toward child support, her work hours had been reduced at her job, and she "had picked up a second job at [a grocery store], but then, because of [her] background, they had to let [her] go." Shaffer denied having any disabilities or physical limitations and said she currently lived with her mother.

The district court followed the original plea agreement, sentenced her to 24-months' probation with a 15-month underlying prison sentence, and ordered her to maintain full-time employment of at least 40 hours a week. The district court reasoned that Shaffer should have no trouble meeting this employment condition as "enhanced unemployment benefits" being offered because of the COVID-19 pandemic had caused

underemployment. The court added that Shaffer's criminal history would not be a hindrance if she just had a "positive attitude" and could "take the tiger by the tail [and] be an employee that shows up on time and just does their job." The judge further explained that he knew "two people who own multiple franchises, if you showed up at their place today and said I wanna work and had a positive attitude, you would have a job by tonight." As for restitution, the court ordered Shaffer to pay $7,344.09, jointly and severally with her codefendant, in minimum monthly installments of $150 as a condition of probation.

Shaffer appeals.

## DISCUSSION

On appeal, Shaffer contends only that the district court abused its discretion by imposing an unworkable restitution plan. Shaffer makes clear that she is not challenging the total *amount* of restitution or any other part of her sentence—she only contends that the payment plan imposed was unworkable given her particular circumstances and asks this court to vacate the district court's order with instructions to impose a reduced monthly payment. The State opposes this request, arguing the present payment structure follows the plea agreement Shaffer agreed to and that Shaffer has failed to show that the plan is unworkable.

Appellate courts review an order of restitution—including both the amount and whether a payment plan is workable—for an abuse of the district court's discretion. *State v. Tucker*, 311 Kan. 565, 566, 465 P.3d 173 (2020). A district court abuses its discretion when its decision is based on an error of law or fact, or when its decision is so afield that no reasonable person would agree. *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). Although it is of little consequence here—this court does exercise unlimited review of the statute underlying the restitution order. 307 Kan. at 816.

3

The restitution statute—K.S.A. 2018 Supp. 21-6604(b)(1)—was in effect when Shaffer committed her offense, but by the time she was sentenced the Legislature had amended the statute effective as of June 11, 2020, and removed all references to the phrase *restitution plan*. L. 2020, ch. 9, § 1. The Legislature clarified that the amendment was procedural in nature and should be applied retroactively. K.S.A. 2020 Supp. 21-6604(v). The amended restitution statute states:

> "In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime. Restitution shall be due immediately unless: (A) The court orders that the defendant be given a specified time to pay or be allowed to pay in specified installments; or (B) the court finds compelling circumstances that would render restitution unworkable, either in whole or in part. . . . If the court finds restitution unworkable, either in whole or in part, the court shall state on the record in detail the reasons therefor." K.S.A. 2020 Supp. 21-6604(b)(1).

This court agrees with Shaffer that this statutory change does not affect the analysis of her claim that the restitution payment plan is unworkable. Shaffer still carries the burden to show that the district court abused its discretion by imposing an unworkable restitution arrangement, whether that arrangement calls for payment of restitution in whole or in part, by a one-time payment, or through installments. See *Meeks*, 307 Kan. at 816 (setting forth the standard of review when a defendant objects to the workability of a restitution plan).

Shaffer argues that no reasonable person would agree with the district court's decision because she established compelling circumstances demonstrating a need for reduced monthly payments. She contends that when imposing a restitution payment plan a district court must consider a defendant's unique circumstances, such as their income, their present and future earning capacity, their living expenses, debts and financial obligations, and whether they have dependents. See *Meeks*, 307 Kan. at 819-20. She

maintains that the changes in her circumstances between the entry of her plea and sentencing should have led the court to impose a lower monthly payment, including that (1) her work hours were reduced to 20 hours a week; (2) her child support garnishment depleted approximately half of her paycheck; and (3) she was struggling to put gas in her car and provide her children with diapers.

Although the district court did not credit Shaffer's testimony, it considered her economic position and her request for reduced restitution payments. Shaffer's reliance on *State v. Herron*, 50 Kan. App. 2d 1058, 1064, 335 P.3d 1211 (2014), in which a panel of this court held that a district court abused its discretion by imposing an unworkable restitution plan without factoring in the defendant's extreme poverty, is unavailing because there is no evidence that the court failed to factor this evidence into its decision. While the district court here was not persuaded by Shaffer's request, it does appear that it considered her circumstances, but it ultimately dismissed Shaffer's concerns based on its own apparent understanding of the job market available to persons with Shaffer's education, work experience, and felony record—and it cannot be said that no reasonable person could come to the same conclusion.

The district court imposed a payment plan that requires Shaffer to pay about half of the total amount of restitution—for which she is jointly and severally liable with her codefendant—by the time she successfully completed probation. Without knowing her codefendant's sentence or the stipulations of their restitution order, this court understands the logic of Shaffer's restitution plan. Under these circumstances, it was not unreasonable for the district court to follow the plea agreement because the parties clearly anticipated Shaffer paying off her proportionate share of the total restitution amount by the time she completed probation, with the expectation that her codefendant would do the same.

While not all reasonable minds would agree with the district court's decision, Shaffer has failed to show that the district court abused its discretion when it denied her request for a lower monthly payment in her restitution order.

Affirmed.